**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
EASTERN DIVISION

In Re                                         )
                                              )
                                              )        Bankruptcy No. _____
                                              )
                        Debtor.               )        Chapter            _____

**COVER SHEET FOR APPLICATION FOR PROFESSIONAL COMPENSATION**
**(IN CASES UNDER CHAPTERS 7, 11 AND 12)**

Name of Applicant: _____

Authorized to Provide Professional Services to: _____

Date of Order Authorizing Employment: _____

Period for Which Compensation is Sought:
From   _____, _____   through _____, _____

Amount of Fees Sought:    $_____

Amount of Expense Reimbursement Sought:    $_____

This is an:        Interim Application _____              Final Application _____

If this is *not* the first application filed herein by this professional, disclose as to all prior fee applications:

| Date<br>Filed | Period<br>Covered | Total Requested<br>(Fees & Expenses) | Total Allowed<br>(Fees & Expenses) | Fees & Expenses<br> Previously Paid |
|---|---|---|---|---|

Dated:  _____         _____
                                                                         (Counsel)

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | Converted from Chapter 11 on July 19, 2012 |
| Ames Supply Company, | ) | Case No. 10-08785 |
| an Illinois corporation, | ) | |
| | ) | Honorable Jack B. Schmetterer |
| Debtor. | ) | **Hearing Date:**     **November 8, 2012** |
| | ) | **Hearing Time:**     **10:00 a.m.** |

**NOTICE OF MOTION**

PLEASE TAKE NOTICE THAT on **November 8, 2012** at **10:00 a.m.**, I shall appear before the Honorable Jack B. Schmetterer, Bankruptcy Judge in Courtroom 682 of the Everett McKinley Dirksen Federal Courthouse, 219 South Dearborn Street, Chicago Illinois, or before any other Bankruptcy Judge who may be sitting in his stead and present **COMAN & ANDERSON, P.C.'S FINAL APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES**, a copy of which is served on you.

> Respectfully submitted,
>
> Coman & Anderson, P.C.
>
> By:  */s/* John A. Lipinsky
> Attorneys for Debtor and
> Debtor in possession

John A. Lipinsky
ARDC:  6207678
Coman & Anderson, P.C.
650 Warrenville Road, Suite 500
Lisle, Illinois  60532
T:  (630) 428-2660
F:  (630) 428-2549
E-Mail:  JLipinsky@comananderson.com

# **CERTIFICATE OF SERVICE**

The undersigned, a non-attorney, certifies that he and she caused a copy of the **COMAN & ANDERSON, P.C.'S FINAL APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES and NOTICE OF MOTION**, thereof, to be served on the following parties as specified below via the ECF Court System on this 18th day of October, 2012, and to be sent to the additional parties listed below via First Class Mail on this 18th day of October, 2012.

## **VIA ECF**

David E. Grochocinski, Trustee         dgrochocinski@innovalaw.com
Pension Benefit Guaranty Corporation   breen.jean@pbgc.gov, efile@pbgc.gov
Lewis, Overbeck & Furman, LLP          jloseman@lewisoverbeck.com
Patrick S. Layng                       USTPRegion11.ES.ECF@usdoj.gov
Harris N.A.                            pattullo@pattullolaw.com

## **VIA FIRST CLASS MAIL**

| Associate Area Counsel, SB/SE<br>Mail Stop 5010 CHI<br>200 West Adams Street, Suite 2300<br>Chicago, IL 60604 | Muniz, Ann, et al.<br>c/o Myron M. Cherry & Associates, LLC<br>30 North LaSalle Street, Suite 2300<br>Chicago, IL 60602 | Techspray<br>1001 Northwest 1st Avenue<br>Amarillo, TX 79107-5003 |
|---|---|---|
| TTI International<br>c/o James R Pittacora<br>Pittacora & Crotty, LLC<br>9550 West Bormet, Unit 205<br>Mokena, IL 60448 | U.S. Environmental Protection Agency<br>Region 5 Headquarters<br>77 West Jackson Boulevard<br>Chicago, IL 60604-3507 | 1936 University Bridge, LLC<br>c/o Bridge Development Partners<br>700 Commerce Drive, Suite 160<br>Oakbrook, IL 60523 |
| Andrew Sher<br>The Sher Law Firm, PLLC<br>3800 Buffalo Speedway, Suite 550<br>Houston, TX 77098 | Bill Robins, III<br>Heard, Robins, Cloud & Lubel, LLP<br>300 Paseo de Peralta, Suite 200<br>Santa Fe, NM 87501 | Illinois Department of Labor<br>160 North LaSalle, Suite C-1300<br>Chicago, IL 60601 |
| James D. Brusslan<br>Levenfeld Pearlstein<br>2 North LaSalle Street, Suite 1300<br>Chicago, IL 60602 | Patrick Sherlock<br>Law Offices of Patrick J. Sherlock<br>11 South LaSalle Street, Suite 1600<br>Chicago, IL 60603 | Nicor<br>Account No. 38-85-99-0000 3<br>P.O. Box 190<br>Aurora, IL 60507 |
| DuPage County Public Works<br>Acct. # 43009847-02<br>421 North County Farm Road, 2nd Floor<br>Wheaton, IL 60187 | Integrys (ComEd)<br>Acct. # 825724<br>500 West Madison Street, Suite 3300<br>Chicago, IL 60661 | AT&T Bankruptcy Office<br>Acct. # 171-788-9468 310<br>P.O. Box 769<br>Arlington, Texas 76004 |
| Village of Lisle<br>Acct. # 120820003<br>925 Burlington Avenue<br>Lisle, IL 60532 | First Communications, f/k/a Globalcom<br>Acct. #10015914<br>Attn: Chris McKnight, Bankruptcy Dept.<br>3340 West Market Street<br>Akron, OH 44333 | Joel R. Nathan<br>Assistant United States Attorney<br>United States Attorney's Office<br>219 South Dearborn Street, 5th Floor<br>Chicago, IL 60604 |
| Internal Revenue Service<br>Centralized Insolvency Operations<br>P.O. Box 21126<br>Philadelphia, PA 19114 | 3M Company<br>Attn: Jason Smith<br>3M Receivables Management<br>3M Center 224-5N-41<br>St Paul, MN 55144 | Illinois Department of Employment Security<br>Attn: Bankruptcy Unit - 10th Floor<br>33 South State Street<br>Chicago, IL 60603 |
| TECHSPRAY<br>P.O. Box 949<br>1001 N.W. 1ST Street<br>Amarillo, TX 79105 | Lewis, Overbeck & Furman, LLP<br>C/O John W. Loseman<br>20 North Clark Street, Suite 3200<br>Chicago, IL 60602-5093 | Pension Benefit Guaranty Corporation<br>Attn: Jean Marie Breen, Attorney<br>Office of the Chief Counsel<br>1200 K Street, NW., Suite 340<br>Washington, D.C. 20005-4026 |

**s/ *Karen J. Davis***

2

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | Converted from Chapter 11 on July 19, 2012 |
| Ames Supply Company, | ) | |
| an Illinois corporation, | ) | Case No. 10-08785 |
| | ) | |
| Debtor. | ) | Honorable Jack B. Schmetterer |

**COMAN & ANDERSON, P.C.'S FINAL APPLICATION**
**FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES**

Coman & Anderson, P.C. ("C&A"), bankruptcy counsel for Ames Supply Company ("Ames") the Debtor and former Debtor-in-Possession (the "Debtor") in the above captioned chapter 11 case, pursuant to sections 327, 330 and 331 of title 11 of the United States Code (as amended, the "Bankruptcy Code"), Fed. R. Bankr. P. 2016 (the Federal Rules of Bankruptcy Procedure are referred to herein as the "Bankruptcy Rules") and Local Rule 5082-1 of the Bankruptcy Rules for the Northern District of Illinois (the "Local Bankruptcy Rules"), respectfully: (i) makes application for compensation and reimbursement of expenses for the period of June 20, 2011 through June 14, 2012, (the "Application") and (ii) for the entry of a final Order to allow its claim for final fees and expenses for services rendered and expenses incurred. In support of its final application, C&A states as follows:

**Background**

1. On March 2, 2010, (the "Petition Date"), Debtor filed a petition for relief under Chapter 11 of title 11 of the United Stated Code (the "Bankruptcy Code").

2. The Debtor is an Illinois corporation with its principal place of business at 1936 University Lane, Unit C, Lisle, Illinois. Debtor is a privately held company which had been in business for over a century and has been recognized as one of the premier, independent providers

3

of aftermarket parts, supplies and equipment for the office automation and field service industries. Debtor manufactured and sold its products to OEM, dealer, and export channels utilizing an integrated sales effort consisting of direct mail and telephone sales representation.

3. There is no lender with a security interest in any of Debtor's assets.

4. Upon the request of Debtor, the Court, by Order dated June 8, 2010, appointed C&A, as counsel for the Debtor to represent it in this Chapter 11 case retroactively to the Petition Date. (*See* Docket Entry 32). Pursuant to this Order, C&A may file its Fee Applications every sixty days.

5. This Application is the fourth application filed by C&A, and seeks compensation as counsel for the Debtor for the time period of February 1, 2011 through June 17, 2011, and for reimbursement of expenses incurred during that period.

6. C&A does not hold or represent any interest adverse to the estate, and is a disinterested person as that term is defined in section 101(14) of the Bankruptcy Code. C&A has previously filed the Affidavit of John A. Lipinsky in Support of Applications to Retain C&A as counsel for the Debtor under 11 U.S.C. §327(a) (the "Affidavit").

7. C&A performed services for which it is seeking compensation on behalf of or for the Debtor and its estate and not on behalf of any committee, creditor or other person.

8. Except to the extent of the advance payment retainer paid to C&A, which was previously disclosed to this Court, C&A has received no payment and no promises for payment from any source for services rendered or to be rendered in any capacity whatsoever in connection with this Chapter 11 Case.

9. C&A does not, by this application, seek compensation or reimbursement for any services or expenses for which compensation or reimbursement has been received.

## JURISDICTION

10. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1334. This is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(A) and (M). The statutory and legal predicate for the relief sought herein is §105(a), 330 and 331 of the Bankruptcy Code.

## Case Status

11. While operating as a Debtor in Possession under Chapter 11, the Debtor filed its proposed Plan of Reorganization and Disclosure Statement on February 28, 2012. The Debtor was preparing an Amended Plan and Disclosure Statement, which it believes would have been approved for solicitation to creditors and ultimately confirmed, when on or about May 30, 2012, unforeseen complications from Debtor's relocation caused a situation which forced the Debtor to cease operations.

12. Consequently, on July 19, 2012 the Debtors' case was converted from a Chapter 11 to Chapter 7.

13. The Debtor has paid all quarterly fees due to the United States Trustee and all Monthly and Quarterly Operating Reports have been filed.

## Prior and Current Compensation

14. This Application represents the Fifth and Final Application for Compensation and Expense reimbursement that C&A has filed in this case. On July 1, 2010 C&A filed its First Interim Application for Allowance of Compensation and Expense Reimbursement for the period from March 3, 2010 through May 28, 2010 ("First Application")(*See* Docket Entry 46). Pursuant to its First Application and this Court's Order dated August 12, 2010 (*See* Docket Entry 48), C& A was awarded and paid $8,059.00 from C&A's retainer.

15. On November 24, 2010, C&A filed its Second Interim Application for Allowance of Compensation and Expense Reimbursement for the period from May 29, 2010 through October 29, 2010 ("Second Application")(*See* Docket Entry 67). Pursuant to its Second Application and this Court's Order dated December 23, 2010 (*See* Docket Entry 73) C&A was awarded and paid $22,756.20 from C&A's retainer.

16. On March 22, 2011, C&A filed its Third Interim Application for Allowance of Compensation and Expense Reimbursement for the period from November 1, 2010 through January 31, 2011 ("Third Application") (*See* Docket Entry 80). Pursuant to its Third Application and this Court's Order dated April 12, 2011 (*See* Docket Entry 88), C&A was awarded $13478.53 to be paid by the Debtor.

17. On July 5, 2011, C&A filed its Fourth Interim Application for Allowance of Compensation and Expense Reimbursement for the period from February 1, 2011 through May 17, 2011 ("Fourth Application")(*See* Docket Entry 97). Pursuant to its Fourth Application and this Court's Order dated July 29, 2011 (*See* Docket Entry 101), C&A was awarded $14,501.27 to be paid by the Debtor.

18. From June 14, 2011 through June 14, 2012 ("Application Period"), C&A rendered 206.30 hours to represent the Debtor. For those services, C&A seeks $51,172.00 in legal services rendered and $550.00 for expense reimbursement.

### Nature of Legal Services Performed by C&A

19. By this Application, C&A seeks an interim award under Bankruptcy Code §330 for the application of payment in the amount of $51,172.00 for services rendered to the Debtor in connection with this case during the period of June 14, 2011 through June 20, 2012, together with an interim award of $550.00 in reimbursement of expenses incurred by C&A during that

6

same period. In accordance with section 330 of the Bankruptcy Code, the amount of fees requested is fair and reasonable given: (a) the complexity of the Chapter 11 case; (b) the time expended; (c) the nature and extent of the services rendered; (d) the value of such services; and (e) the costs of comparable services other than in a case under the Bankruptcy Code.

20. In summary, C&A has assisted the Debtor in the administration of its estate and has performed the services set forth on the schedule attached hereto and made part hereof as Exhibit C. Exhibit C identifies the services performed, the date and amount of time involved, the individual performing the service, and the billing rate of the individual, broken into categories of work performed. The services performed and documented by Exhibit C include, but are not limited to: providing legal advice to Debtor concerning management and operations as debtor-in-possession; representing Debtor in negotiations with various creditors and counsel for the various constituencies in this case; analysis of assets, recovery of assets and asset disposition; serving and noticing of a substantial number of pleadings and papers in this case; analyzing Debtor's financial projections and preparation of Debtor's Plan of Reorganization and Disclosure Statement; negotiations with the PBGC regarding its various claims to achieve settlement as to allowance and class; negotiations with the PBGC regarding Debtor's proposed Plan and Disclosure Statement; and responding to inquiries from creditors.

21. As additional support of this Application, C&A has attached hereto the following items:

Exhibit A: Pursuant to Local Rule 5082-1(B)(e) and (f), Exhibit A is a summary sheet listing all Coman & Anderson, P.C.'s attorneys and legal assistants who performed the services which are the subject of this Application, their position (e.g. attorney, legal assistant) their initials used in timekeeping, their respective hourly rates, the total time devoted by each lawyer or legal assistant to perform the services for the Debtor during the period covered by this Application, the total fees requested for the services performed by each listed lawyer or legal assistant, and the effective blended hourly rate at which the subject services were

7

performed. Exhibit A also contains a statement of all compensation previously sought and allowed.

Exhibit B: Chronological listing of the date of services, nature of services, professional performing the services and time expended.

Exhibit C: Summary statement breakdown of principal activities and a breakdown of the total compensation sought for each person's work on each separate task for which Coman & Anderson, P.C. seeks compensation in this Application.

Exhibit D: Chronological listing of advancements made and expenses incurred on behalf of the Debtors during the course of its representation, itemized by date, the nature of the expense and amount.

22. The work performed and the services rendered for which compensation is requested, as well as the incurring of expenses for which reimbursement is requested, were necessary and proper in representing the Debtor in this case.

23. The professional services rendered by C&A during the Application period are grouped into titled project categories, the titles and scope of work are as suggested under section 330 of the Bankruptcy Code, and are described in paragraphs 19 through 23 herein.

24. Case Administration: (Hours: 85.9; Fees: $23,225.00) This project category involves coordination and compliance activities; United States Trustee interim statements and operating reports; contacts with the United States Trustee; general creditor inquiries as well as assisting the Debtor with various business decisions which would affect the administration of the Debtor's bankruptcy and proposed Plan of Reorganization. A general breakdown is as follows:

| Name | Role | Rate | Hours | Value |
|---|---|---|---|---|
| John A. Lipinsky | Attorney | $315.00-$325.00 | 37.7 | $12,249.50 |
| George S. Weems | Attorney | $285.00 | 12.7 | $3,619.50 |
| Kimberly A. Haskell | Paralegal | $160.00-$170.00 | 24.9 | $4,218.00 |
| Daniel G. Coman | Attorney | $360.00 | 2.0 | $720.00 |
| David A. Newby | Attorney | $340.00 | 4.2 | $1,428.00 |
| Maureen A. Maffei | Attorney | $225.00 | 4.4 | $990.00 |
|  |  |  | 85.9 | $23,225.00 |

8

25. <u>Employee Pension Plan/PBGC Claims Settlement</u>:  (Hours:  18.5; Fees $4,970.00)  This project category deals with the Debtor's employee benefit pension plan and dealings with the Pension Benefit Guarantee Corporation and attempts to settle its claims and work out post-discharge liabilities.  A general breakdown is as follows:

| **Name** | **Role** | **Rate** | **Hours** | **Value** |
|---|---|---|---|---|
| John A. Lipinsky | Attorney | $315.00 | 11.8 | $3,831.00 |
| Kimberly A. Haskell | Paralegal | $160.00 | 6.7 | $1,139.00 |
| Total | | | 18.5 | $4,970.00 |

26. <u>Fee and Employment Applications</u>:  (Hours: 4.1; Fees $771.50) This project category encompasses the preparation of employment and fee applications.  A general breakdown is as follows:

| **Name** | **Role** | **Rate** | **Hours** | **Value** |
|---|---|---|---|---|
| John A. Lipinsky | Attorney | $315.00 | .7 | $227.50 |
| Kimberly A. Haskell | Paralegal | $160.00 | 3.4 | $544.00 |
| Total | | | 4.1 | $771.50 |

27. <u>Claims Administration</u>: (Hours: 16.5; Fees:  $4,851.00) This project category includes reviewing and responding to various creditor's claims, and preparing objections to claims as necessary.  It also consists of working with other attorneys and bank regarding a pre-petition environmental matter and a letter of credit held by the Debtor related to it, and the claim by several PRPs of entitlement to payment from the letter of credit.  A general breakdown is as follows:

| Name | Role | Rate | Hours | Value |
|---|---|---|---|---|
| John A. Lipinsky | Attorney | $325.00 | 13.2 | $4,290.00 |
| Kimberly A. Haskell | Paralegal | $170.00 | 3.3 | $561.00 |
|  |  |  | 16.5 | $4,851.00 |

28. <u>Plan and Disclosure Statement</u>: (81.3 hours; Fees: $17,354.50) This project category encompasses the formulation of the Plan of Reorganization and Disclosure Statement for Debtor. A general breakdown is as follows:

| Name | Role | Rate | Hours | Value |
|---|---|---|---|---|
| John A. Lipinsky | Attorney | $315.00 | 22.1 | $7,180.50 |
| Daniel G. Coman | Attorney | $340-360 | .6 | $212.00 |
| Kimberly A. Haskell | Paralegal | $170.00 | 58.6 | $9,962.00 |
|  |  |  | 81.3 | $17,354.50 |

29. It is C&A's policy to charge its clients in all areas of practice for the identifiable, non-<u>overhead</u> expenses incurred in connection with the client's case that would not have been incurred except for representation of that particular client. It is C&A's policy to charge its clients only the amount actually incurred in connection with such items. Examples of such expenses are postage, overnight mail, courier delivery, transportation, computer assisted legal research, and photocopying.

**Statement of Legal Services and Expenses Pursuant to 11 U.S. C. §504 and Rule 2016(B) of the Rules of Bankruptcy Procedure**

30. All of the services performed by C&A were required for the proper representation of the Debtor in this case, were authorized by the Court and were performed by C&A at the request and direction of the Debtor. Pursuant to Bankruptcy Code Section 331 and the generally applicable criteria of the time, nature, extent and value of the service performed, all of C&A's services are compensable.

31. There has been no duplication of services by the members or associates of C&A. In those instances were two or more attorneys and/or paralegals participated in any matter, such

joint participation was necessary because of the complexity of the problem, magnitude of the issues, allocation of work responsibility or work involved and/or the time constraints that existed.

32. The rates at which C&A seeks compensation are its usual and customary standard hourly rates charged for work, both bankruptcy and non-bankruptcy, performed for other firm clients.

33. No agreement exists between C&A and any third person for the sharing of compensation received by C&A in this case, except as allowed by the exception set forth in Bankruptcy Code Section 504 and Bankruptcy Rule 2016 with respect to the sharing of compensation among members of C&A.

34. From June 20, 2011 through June 14, 2012, C&A has devoted 206.3 hours to represent the Debtor with respect to the above categories, and has provided this estate with actual and necessary legal services worth a total of $51,172.00 and has incurred necessary expenses totaling $550.00.

WHEREFORE, Coman & Anderson, P.C. respectfully requests that this Court:

(i) allow Coman & Anderson, P.C.'s compensation in the amount of $51,172.00 for services rendered in this case which represents time from June 20, 2011 through June 14, 2012;

(ii) allow Coman & Anderson, P.C. reimbursement in the amount of $550.00 for unreimbursed expenses advanced during that period.;

(iii) allow the application of the total sum of $51,722.00 which represents the total compensation and reimbursement requested herein;

11

  (iv) to deem all interim awards of compensation and expense reimbursement a final order; and

  (v) grant all other relief that is just and appropriate.

            Respectfully submitted,

            Coman & Anderson, P.C.

         By: */s/* John A. Lipinsky
            Attorneys for Debtor and
            Debtor in possession

John A. Lipinsky
ARDC:  6207678
Coman & Anderson, P.C.
650 Warrenville Road
Suite 500
Lisle, Illinois  60532
T:  (630) 428-2660
F:  (630) 428-2549
E-Mail:  JLipinsky@comananderson.com

12